UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>          Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden at R.J. Donovan Correctional Facility,<br><br>          Respondent. | CASE NO. 1:15-cv-01896-LJO-SKO HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 22) |

      Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of counsel. In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

      Petitioner contends that appointment of counsel is required because (1) he lacks the financial means to hire counsel; (2) he is inexperienced at legal matters; (3) his case is unduly complex and the record is voluminous; and (4) he has been unable to find counsel who will represent him without cost. He shares these four contentions with nearly all petitioners for writs of habeas corpus. Petitioner has competently filed his petition and reply to Respondent's answer, presenting well-reasoned arguments supported by appropriate legal citations. Briefing of the case is complete and awaiting the Court's decision.

1

Accordingly, the Court finds no evidence that the interests of justice require the appointment of counsel at this time.

    Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:  **May 16, 2016**              /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE